UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MELVIN ANTONIO PEREZ MEDINA,** <br><br> Petitioner, <br><br> v. <br><br> **WARDEN MS. R. THOMPSON,** <br><br> Respondent. | Civil Action No. 24-8111 (KMW) <br><br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on the habeas petition filed by Petitioner Melvin Antonio Perez Medina. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), This Court is required to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). In his habeas petition, Petitioner asserts that he is seeking to challenge either a BOP sentencing calculation or the loss of sentence credits, but does not specify what the nature of his claim is, what action he is seeking to challenge, or what relief he is actually seeking. (*See* ECF No. 1 at 3-9.)

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Under the rule, a petitioner must present specific, particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v.*

1

*Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007).  As Petitioner's habeas petition is devoid of any clear claims for relief or factual allegations underlying any such claim, Petitioner's habeas petition fails to meet the pleading requirements of Rule 2(c), and must be dismissed without prejudice as such.  Petitioner may file an amended petition specifying his claims and the facts underlying those claims within thirty days.[1]

**IT IS THEREFORE** on this  8th   day of August, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; and it is further

**ORDERED** that Petitioner is granted leave to file an amended petition containing any grounds for relief he intends to raise and the facts supporting those grounds within thirty days; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and shall **CLOSE** the file.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

---

[1] Plaintiff neither paid the five dollar filing fee applicable to habeas petitions nor did he file an application to proceed *in forma pauperis*.  To the extent Petitioner chooses to file an amended petition, that petition will not proceed to the extent it has merit until Petitioner either pays the filing fee or filed a complete application to proceed *in forma pauperis*.